**Dwain C. Ferrell**,

              Petitioner,

v.

**Brad Perritt**,

              Respondent.

**Order &
Memorandum & Recommendation**

On January 23, 2015, petitioner Dwain C. Ferrell, a state inmate confined at the Lumberton Correctional Institution, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.E. 1), together with supporting documentation (D.E. 1-1). Ferrell filed a Motion to Amend his petition (D.E. 13) and Respondent Brad Perritt, Administrator at the Lumberton Correctional Institution, has filed a motion to dismiss (D.E. 16) on the ground that Ferrell's claims are barred by the statute of limitations contained in 28 U.S.C. § 2244(d)(1). Ferrell has responded to the motion, and has filed a motion for summary judgment (D.E. 19) accompanied by supporting documents. D.E. 19-1, 19-2. The issue has been fully briefed and the matter is ripe for a ruling.

**I.    Background**

On December 21, 1995, Ferrell was convicted in Superior Court of two counts of first-degree sex offense, two counts of first-degree rape, and two counts of indecent liberties with a minor. Ex. 1, Mem. Supp. Mot. Dismiss at 12–17, D.E. 17-2. The court sentenced Ferrell to two consecutive terms of imprisonment of 230 to 285 months. *Id.* at 14–17. On October 7, 1997, the North Carolina Court of Appeals found no error in Ferrell's trial and sentencing. *State v. Ferrell*,

No. COA96-1441 (N.C. App. Oct. 7, 1997) (unpublished). *See also* Ex. 3, Mem. Supp. Mot. Dismiss, D.E. 17-4.

In his habeas petition, Ferrell raises the following claims: (1) the trial court subjected him to double jeopardy by allowing the State to amend the date of the offenses alleged in the indictments; (2) the state's expert witness testified to an opinion based on the opinion of a another expert; and (3) the prosecution engaged in misconduct by witness tampering *see* Pet. ¶ 12 (Ground One); (4) the prosecutor engaged in misconduct by leading the child witnesses; (5) the evidence is insufficient to convict him; and (6) the trial judge allowed a juror whose family member had been raped to remain on the jury, *see id.,* (Ground Two); (7) his right to a speedy trial was violated; (8) he received ineffective assistance of counsel because trial counsel refused to file a motion for speedy trial; and (9) the State's key witnesses were coached and influenced, *see id.,* (Ground Three); and (10) he received ineffective assistance of appellate counsel; and (11) he was denied the right to confront state's witness Joyce Montague, *see id.,* (Ground Four).

On February 4, 2015 and February 20, 2015, Ferrell filed motions for appointment of counsel (D.E. 5, 6). Then, on March 3, 2015, Ferrell filed a motion to amend his habeas petition to allege the following: (1) that the prosecutor pressured witness Joyce Montague and threatened her with prosecution if she testified on behalf of Ferrell, (2) that Montague was threatened by law enforcement and Social Services that her children would be taken from her if she testified for Ferrell, (3) that law enforcement witness J.A. Williams fabricated evidence, and (4) that the prosecution failed to disclose evidence that would have impeached Williams's credibility. *See* D.E. 7, 8. On July 1, 2015, Ferrell's petition was allowed to proceed and his motion to amend his petition was granted; however the court denied his motions to appoint counsel (D.E. 10).

On July 27, 2015, Ferrell once again moved to amend his petition (D.E. 13), and alleged in an amended petition (D.E. 14) the following additional claims: (1) the trial court lacked jurisdiction to try him because of racial inequities in the criminal justice system, *see* Am. Pet. 3–8, D.E. 14; (2) the criminal justice system is unfair to poor defendants and is unreliable, *see id.* at 10–12; and (3) the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") does not bar his habeas petition. *See id.* at 13.

On August 17, 2015, respondent Brad Perritt filed an initial answer (D.E. 15), a motion to dismiss the petition on the ground that Ferrell's claims are barred by the statute of limitations contained in 28 U.S.C. § 2244(d)(1) (D.E. 16), and a memorandum in support of his motion to dismiss (D.E. 17). On August 26, 2015, Ferrell filed a response in opposition to the motion to dismiss, and a motion for summary judgment (D.E. 19), accompanied by supporting documents (D.E. 19-1, 19-2).

After reviewing the pleadings, the court has determined that Ferrell's petition is untimely. Therefore, the undersigned recommends[1] that the district court grant Perritt's motion to dismiss Ferrell's petition without prejudice.

## II. Standard of Review

A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 132 S. Ct. 1327 (2012); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008); *accord Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal

---

[1] The district court referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).

conclusions drawn from the facts. *See, e.g.*, *Iqbal*, 556 U.S. at 678. A court also "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano*, 521 F.3d at 302 (quotation omitted); *see Iqbal*, 556 U.S. at 678–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. *See* Fed. R. Evid. 201; *Tellabs, Inc. v. Makor Issues & Rights. Ltd.*, 551 U.S. 308, 322 (2007); *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss filed in a section 2254 proceeding "tests the legal sufficiency of the petition, requiring the federal habeas court to assume all facts pleaded by the [section] 2254 petitioner to be true." *Walker v. Kelly*. 589 F.3d 127, 139 (4th Cir. 2009) (quotation omitted); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). As part of a Rule 12(b)(6) motion, a court also may consider a challenge based on the one-year statute of limitations. In ruling on a motion to dismiss, the court may consider the record of the state habeas proceeding, including affidavits and evidence presented in such proceedings, as well as other matters of public record. *See, e.g.*, *Walker*, 589 F.3d at 139. Here, the key issue before the court is whether Ferrell's habeas petition is outside the statute of limitations contained in 28 U.S.C. § 2244(d)(1).

**III. Discussion**

The court first addresses Ferrell's motion to amend his petition (D.E. 13). A party may amend his pleading once as a matter of course within 21 days after service, or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of opposing counsel or by leave of court. Fed. R. Civ. P. 15(a)(2). This is Ferrell's second motion to amend his petition. The decision to allow leave to amend a

pleading rests within the discretion of the trial court, *Edwards v. City of Goldsboro*, 178 F.3d 321, 242 (4th Cir. 1999), and leave to amend a pleading should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Because the court finds that Ferrell's amendment will not prejudice respondent Perritt and that there was no bad faith on Ferrell's part, Ferrell's motion to amend his petition is allowed.

The court turns to Perritt's motion to dismiss Ferrell's petition. Perritt argues that Ferrell's habeas petition should be summarily dismissed because the one-year statute of limitations has run. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a person in custody pursuant to the judgment of a state court must file any petition for a writ of habeas corpus within one year. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action . . . is removed . . .;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The one-year clock is tolled during the time State post-conviction proceedings are pending in any State court, *see Harris v. Hutchinson*, 209 F.3d 325, 328–30 (4th Cir. 2000),[2] however, once

---

[2] Perritt notes that Ferrell has filed numerous state post-conviction motions that have been denied by the state superior court, and denied review by the state appellate courts. The motions commenced on September 23, 2014, when Ferrell filed a motion for appropriate relief ("MAR"), and concluded on July 13, 2015, when the state supreme court denied an application for writ of habeas corpus. *See*, Ex. 4–25 (D.E. 17-5 through 17-26). A state court filing after the federal

5

the limitations period has expired, later-filed State post-conviction petitions cannot revive it. *Minter v. Beck*, 230 F.3d 663, 665–67 (4th Cir. 2000).

Perritt contends that Ferrell's judgment became final pursuant to § 2244(d)(1)(A) on November 11, 1997, thirty-five days after the North Carolina Court of Appeals filed its decision finding no error in the trial. *See* Mem. Supp. Mot. Dismiss at 6, D.E. 17; *see also* N.C. R. App. P. 32(b) (unless court orders otherwise, mandate issues 20 days after written opinion filed); N.C. R. App. P. 15(b) (party allowed 15 days after issuance of Court of Appeals' mandate to file petition for discretionary review ("PDR") to the Supreme Court of North Carolina); *Headen v. Beck*, 367 F. Supp. 2d 929, 931–32 (M.D.N.C. 2005) (noting the time to request review in North Carolina is normally thirty-five days after the decision of the court of appeals); *Saguilar v. Harkleroad*, 348 F. Supp. 2d 595, 599–601 (M.D.N.C. 2004). Perritt argues that because Ferrell did not file a timely PDR in the Supreme Court of North Carolina, he does not receive an additional 90 days of tolling in order to file a certiorari petition in the Supreme Court of the United States. Mem. Supp. Mot. Dismiss at 7, D.E. 17; *see Gonzales v. Thaler*, 132 S. Ct. 641, 656 (2012) (because petitioner did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired). Therefore, argues Perritt, Ferrell's one-year period of limitation under 28 U.S.C. § 2244(d)(1)(A) ran from November 11, 1997, for 365 days, until it fully expired on November 11, 1998. Perritt contends that Ferrell's habeas petition, filed on January 23, 2015, is more than sixteen years out-of-time. Mem. Supp. Mot. Dismiss at 7, D.E. 17.

Ferrell argues that he *did* file a timely PDR to the state supreme court, along with a petition for writ of certiorari, on December 10, 1997. Mem. Supp. Mot. Summ. Judg. at 10, D.E.

---

habeas deadline does not revive the statute of limitations period applicable to § 2254 petitions. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004).

19. Ferrell argues that he placed the petition in the prison mailbox but he never received a response, despite a letter to the state supreme court on January 24, 1998, inquiring as to its status. *Id.* Ferrell argues that on June 6, 1999, he filed a petition for writ of habeas pursuant to § 2254 (presumably in the United States District Court), which he placed in the prison mailbox and again did not receive a response. *Id.* at 10–11 (stating Ferrell waited through 2000 and 2001 for a response). Therefore, he argues, his petitions to those courts were "lost or destroyed in bad faith," *id.* at 11, which he contends constitutes the "extraordinary circumstances" sufficient to support equitable tolling of the limitations period. *Id.*

Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also*, *Harris v. Hutchinson*, 209 F.3d at 330 (holding that equitable tolling of AEDPA's one year limitation period is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."). Equitable tolling applies only in "truly extraordinary circumstances," and "[the petitioner] bears the burden of establishing that he is entitled to this extraordinary relief." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003).

Ferrell's argument that his paperwork was lost fails, regardless of whether it is construed as an attempt to show that his judgment became final at some point later than November 11, 1997, or as an attempt to utilize the doctrine of equitable tolling. Even if loss of the paperwork tolled the limitations period as Ferrell contends, his claim would still be time-barred because Ferrell had no pending state or federal applications for approximately 14–15 years after the time

7

period during which he states he waited for a response from the federal district court. *See* Mem. Opp. Mot. Dismiss at 11, D.E. 19-1 (stating Ferrell waited for a response until 2000 or 2001). Therefore, even if the loss of Ferrell's paperwork qualified as an "extraordinary circumstance," he still cannot prevail because waiting 14–15 years to file his habeas petition shows that Ferrell did not diligently pursue his rights. Because the record belies any argument that Ferrell acted with due diligence or suffered extraordinary circumstances beyond his control, he has failed to show that he is entitled to equitable tolling and his action should be dismissed as untimely.[3]

## IV. Conclusion

Based on the foregoing, the undersigned grants Ferrell's Motion to Amend his petition (D.E. 13) and has determined that Ferrell's petition for a writ of habeas corpus is untimely pursuant to § 2244(d)(1)(A). Therefore, the undersigned recommends that the district court grant Perritt's motion to dismiss Ferrell's petition without prejudice (D.E. 16). Because Ferrell's habeas petition is untimely, the undersigned recommends that the district court deny Ferrell's motion for summary judgment (D.E. 19).

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on petitioner. Petitioner shall have until 14 days after service of the Memorandum and Recommendation on petitioner to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the

---

[3] While Ferrell disputes Perritt's argument that Ferrell must have been aware of, or through the exercise of due diligence, should have been aware of the factual predicate of his claims since the time his direct appeal became final, *see* Perritt's Mem. Supp. Mot. Dismiss at 9 *et seq*, D.E. 17; Ferrell's Mem. Supp. Mot. Summ. Judg. at 12, D.E. 19-1, Ferrell offers only conclusory allegations and advances no persuasive analysis to support his argument.

8

Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If petitioner does not file written objections to the Memorandum and Recommendation by the foregoing deadline, petitioner will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, petitioner's failure to file written objections by the foregoing deadline will bar petitioner from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: January 15, 2016

*Robert T. Numbers II*

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE