IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2013-D

| | | |
|---|---|---|
| DWAIN C. FERRELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BRAD PERRITT, | ) | |
| | ) | |
| Respondent. | ) | |

On January 23, 2015, Dwain C. Ferrell ("Ferrell" or "petitioner"), a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Petition [D.E. 1]. On March 3, 2015, Ferrell filed his first motion to amend his petition. See [D.E. 7, 8]. On July 1, 2015, Magistrate Judge Numbers granted the motion to amend and allowed the petition to proceed. See [D.E. 10]. On July 27, 2015, Ferrell again moved to amend his petition [D.E. 13, 14]. Respondent answered and moved to dismiss the petition. See [D.E. 15, 16, 17]. On August 26, 2015, Ferrell filed a response in opposition and a motion for summary judgment [D.E. 19] and attached supporting documents [D.E. 19-1–2].

On January 15, 2016, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 20] recommending that the court grant respondent's motion to dismiss [D.E. 16], dismiss as untimely Ferrell's habeas petition under 28 U.S.C. § 2254 [D.E. 1], and deny Ferrell's motion for summary judgment [D.E. 16]. On January 27, 2016, Ferrell objected to the M&R [D.E. 21]. On February 1, 2016, Ferrell moved to amend his petition to include a claim of ineffective assistance of counsel [D.E. 22]. As explained below, the court adopts the conclusion in the M&R, overrules Ferrell's objections, and denies Ferrell's motion to amend.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration, emphasis, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and Ferrell's objections. As for those portions of the M&R to which Ferrell made no objection, the court concludes that there is no clear error on the face of the record.

The court has reviewed Ferrell's objections de novo. Ferrell filed his habeas petition on January 23, 2015, approximately 16 years after his conviction became final. Thus, the petition appears untimely under the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(A). Nonetheless, Ferrell contends that the court should apply equitable tolling and find his petition timely. See Obj. [D.E. 21] 5–6.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that any application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (A)–(D); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005).

The limitation period under section 2244(d)(1) is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560–61 (4th Cir. 1999). An application for postconviction or other collateral review is pending from initial filing in state court until final disposition in the highest state court. See Taylor, 186 F.3d at 560–61. However, the time between when a petitioner's conviction becomes final and when a petitioner files a state application for postconviction relief counts against the one-year limitation period. See, e.g., Holland v. Florida, 560 U.S. 631, 638 (2010); Hernandez v. Caldwell, 225 F.3d 435, 438–39 (4th Cir. 2000); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). Once the state's highest court orders a final disposition in the state postconviction proceedings, the limitations period resumes. See, e.g., Holland, 560 U.S. at 638; Hernandez, 225 F.3d at 438–39; Harris, 209 F.3d at 327.

Subsection (A) of section 2244(d)(1) requires the court to determine when a petitioner's judgment became final. See 28 U.S.C. § 2244(d)(1)(A). On December 21, 1995, the trial court entered judgment in Ferrell's criminal case. See Pet. [D.E. 1] 1. Ferrell timely appealed his conviction and sentence to the North Carolina Court of Appeals. On October 7, 1997, the North Carolina Court of Appeals affirmed Ferrell's conviction and sentence. State v. Ferrell, No. COA96-1441 (N.C. Ct. App. Oct. 7, 1997) (unpublished). On October 27, 1997, the mandate issued. See N.C. R. App. P. 32(b) (unless court orders otherwise, mandate issues 20 days after written opinion filed). Ferrell then had fifteen days (i.e., until November 11, 1997) to file a petition for discretionary review. See N.C. R. App. P. 15(b). He did not. Therefore, absent a later date on which Ferrell's claims accrued or an applicable tolling period, the AEDPA's one–year statute of limitations began

3

to run on November 11, 1997, and expired on November 11, 1998. See Saguilar v. Harkleroad, 348 F. Supp. 2d 595, 598, 601 (M.D.N.C. 2004), appeal dismissed, 145 F. App'x 444 (4th Cir. 2005) (per curiam) (unpublished).

Under the AEDPA, the one-year statute of limitations is subject to equitable tolling. See Holland, 560 U.S. at 645–49. Equitable tolling applies only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (quotation omitted); Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95–96 (1990); Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008); United States v. Shank, 395 F.3d 466, 470 n.6 (4th Cir. 2005); United States v. Sosa, 364 F.3d 507, 512–13 (4th Cir. 2004); Rouse v. Lee, 339 F.3d 238, 246–47 (4th Cir. 2003) (en banc). A court may allow equitable tolling under section 2244 "in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green, 515 F.3d at 304 (quotations omitted); see Jackson v. Kelly, 650 F.3d 477, 491–92 (4th Cir. 2011). "[A]ny invocation of equity to relieve the strict application of a statute of limitations," however, "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330.

Ferrell argues that equitable tolling should apply in his case. In support, he alleges that on December 10, 1997, he placed a timely petition for discretionary review to the Supreme Court of North Carolina, along with a petition for writ of certiorari, in the prison mailbox. Ferrell contends that he never received a response from the Supreme Court of North Carolina concerning his petitions. Ferrell also alleges that he wrote a letter to the Supreme Court of North Carolina on January 24, 1998, inquiring about his petitions but never received a response. See Obj. 4–5. Ferrell also alleges that on June 6, 1999, he placed in the prison mailbox, for mailing, a section 2254

4

petition to the district court, but received no response. Id. at 5. Ferrell argues that his attempted filings were "lost or destroyed in bad faith" and that his allegations demonstrate his diligence and extraordinary circumstances concerning his petition of January 23, 2015. Id.

Ferrell fails to plausibly allege either requirement for equitable tolling. First, Ferrell has not plausibly alleged that he has been pursuing his rights diligently. Even accepting as true Ferrell's allegations concerning one mailing in December 1997, one mailing in January 1998, and one mailing in June 1999, Ferrell then allowed his claims to languish for approximately 16 years before filing his section 2254 petition on January 23, 2015. Simply put, Ferrell flunked diligence. See, e.g., Holland, 560 U.S. at 652–53; Cole v. Warden, Ga. State Prisons, 768 F.3d 1150, 1158–59 (11th Cir. 2014); United States v. Arrowgarp, 558 F. App'x 824, 825–26 (10th Cir. 2014) (unpublished); Watts v. Warden Lieber, Corr. Inst., 549 F. App'x 192, 193 (4th Cir. 2013) (per curiam) (unpublished); Lucas v. United States, 522 F. App'x 556, 558–60 (11th Cir. 2013) (per curiam) (unpublished); Taylor v. Michael, 724 F.3d 806, 811 (7th Cir. 2013); Clarke v. United States, 703 F.3d 1098, 1101 (7th Cir. 2013); United States v. Oriakhi, 394 F. App'x 976, 978 (4th Cir. 2010) (per curiam) (unpublished).

Alternatively, Ferrell has not plausibly alleged that extraordinary circumstances prevented timely filing. First, Ferrell has not plausibly alleged that prison officials destroyed or lost his petitions in "bad faith." See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007). Moreover, even if Ferrell's petitions were lost or destroyed in the mail, lost mail is not extraordinary. See, e.g., Sifford v. United States, No. 3:10-CV-596, No. 3:07-CR-97, 2011 WL 1135540, at *2 (W.D.N.C. Mar. 25, 2011) (unpublished). Thus, Ferrell has not shown that extraordinary circumstances prevented timely filing.

In opposition, Ferrell argues that Diaz v. Kelly, 515 F.3d 149 (2d Cir. 2008), requires

5

equitable tolling. See Obj. 6. In Diaz, the record established that the inmate inquired to the state appellate court nine months after he sought leave to appeal and learned that the state appellate court had denied his petition six months earlier. The inmate filed his federal petition one day later, and the Second Circuit found that equitable tolling applied to the inmate's petition even though he filed the petition six months after AEDPA's one-year deadline. Diaz, 515 F.3d at 155–56. Assuming without deciding that the inmate in Diaz acted diligently, Ferrell did not. Cf. id. at 155 ("We see no point in obliging a pro se litigant to pester a state court with frequent inquiries as to whether a pending motion has been decided, at least until a substantial period of time has lapsed."). Thus, Diaz does not help Ferrell.

As for Ferrell's motion to amend, Ferrell vaguely alleges ineffective assistance of counsel. See [D.E. 22]. The court has reviewed the motion to amend under the governing standard. See, e.g., Wilkins v. Montgomery, 751 F.3d 214, 223–26 (4th Cir. 2014). The claims apparently concern Ferrell's trial and appellate counsel's conduct in 1997 and 1998 and are untimely. Thus, the motion to amend [D.E. 22] is futile and is denied. See Wilkins, 751 F.3d at 223–26.

In sum, the court DENIES Ferrell's motion to amend his petition [D.E. 22], ADOPTS the conclusions in the M&R [D.E. 20], and DISMISSES Ferrell's petition [D.E. 1]. If Ferrell intends his response to respondents motion [D.E. 19] to be a motion for summary judgment, the motion is DENIED as moot. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk shall close the case.

SO ORDERED. This 12 day of February 2016.

JAMES C. DEVER III
Chief United States District Judge